**MORTGAGE RECOVERY LAW GROUP LLP**
PAUL A. LEVIN (State Bar No. 229077)
LAUREN M. GIBBS (State Bar No. 251569)
ANDREW BAEZA (State Bar No. 263392)
700 North Brand Boulevard, Suite 830
Glendale, California 91203
TELEPHONE: (818) 630-7900 ♦ FACSIMILE: (818) 630-7920
e-mail:  paul.levin@mortgagerecoveries.com
          lauren.gibbs@mortgagerecoveries.com
          andrew.baeza@mortgagerecoveries.com

**Attorneys for Plaintiff**
**Federal Deposit Insurance Corporation**
**as Receiver for IndyMac Bank, F.S.B.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for IndyMac BANK, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> MORTGAGE CAPITAL ASSOCIATES, INC., a California corporation, <br><br> Defendant. | Case No. 2:14-cv-05277-GW (AJWx) <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> The Honorable Ralph Zarefsky <br> U.S. Magistrate Judge |

1  This case, brought by the Plaintiff the Federal Deposit Insurance Corporation
2  ("FDIC") in its capacity as Receiver for IndyMac Bank, F.S.B., ("FDIC-R")
3  necessarily involves confidential bank information and personally identifiable
4  information of borrowers that are generally protected from disclosure under federal
5  laws.  Accordingly, because of the strict federal laws governing the disclosure of
6  such information, a protective order is necessary in order to protect the information,
7  the parties, and others who may need to be exposed to or review the information.
8  Defendant, Mortgage Capital Associates, appearing through its counsel of record,
9  consents to the entry of this Order.

It appearing to the Court that the requested stipulated relief is warranted and appropriate, and for good cause shown:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. **Scope of Protective Order.** The parties contemplate that in the course of this litigation they may produce to one another certain Confidential Documents, as defined below, or portions of Confidential Documents in their possession.  The term "Document" is comprehensively defined to be synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure, which defines document to include writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, including electronically stored information. The term "Confidential Documents" shall specifically include, but not be limited to:

   a. *Regulatory Information:*  Confidential Documents related in any way to the regulation or supervision of IndyMac Bank, F.S.B., ("Bank"), in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC, the Board of Governors

of the Federal Reserve System, the Office of Financial and Insurance Regulation ("OFIR"), or any other federal or state regulatory authority, and any documents containing confidential or privileged information obtained from any documents or records related to the supervision or regulation of the Bank.  The release of any such regulatory documents may require prior approval from independent government agencies.  No regulatory documents, however obtained, will be disclosed to anyone other than Defendants and other persons or entities identified in paragraph 4 below without prior approval by the respective regulatory authority or a court order.  Confidential Documents also include documents that are privileged, confidential, or exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the regulations governing the disclosure of information, 12 C.F.R. Parts 261 and 309, the laws of the State of California including, or any other applicable federal or state laws.

      b.    *Bank and Bank Customer Information:* Confidential Documents related to the Bank, its customers, or any trading company involved in placing orders for commodities futures or options, including but not limited to:  Automated Clearing House items or transactions, chargebacks, merchant processing, bank account information, customer bank records, signature cards, bank statements, general ledger entries, deposit or reserve information, commodity trading statements, loans and lending transactions, loan applications, financial statements and credit reports, business and personal state and federal income tax

forms, correspondence, and loan documentation relating to any extension of credit or loan to any borrower. Examples of Confidential Documents also include, without limitation, documents containing a Bank customer's name, address, social security number, date of birth, account number, credit card number, personal identification number, account balance, information relating to a deposit account, loan or borrower relationship, loan application materials, or any other identifying information.

      c.   *Receivership Information:* Confidential Documents related to the receivership of the Bank, including any information on loss or estimates of such loss on the Bank's assets that is not publicly available. Notwithstanding the provisions of paragraph 4 of this Protective Order, no Confidential Documents shall be disclosed to any person or entity known to have any current or prospective interest in such assets, whether or not that person or entity would otherwise be allowed access to documents and information under the terms of this Order.

      d.   *Trade Secret/Proprietary Information:* Documents and information that the producing party reasonably believes constitute, reflect, or disclose trade secrets, proprietary data or commercially sensitive information.

Irrespective of any confidential designation by a producing party, this Protective Order shall not apply to any documents independently obtained from a non-party on an unrestricted basis.

2. **Manner of Designation.** The parties shall designate Confidential Documents by stamping or otherwise marking them with the legend "Confidential Documents Subject to Protective Order" or similar language. Any document marked in this manner by either party shall be subject to this Order.

3. **Disclosure of Confidential Documents Prohibited.** Confidential Documents shall be used only for the purpose of this action and for no other purpose. Except as provided by the express terms of this Protective Order, all persons subject to this Order shall refrain from disclosing in any manner any information set forth in any Confidential Documents. The transmission of Confidential Documents between the FDIC in its capacity as Receiver for the Bank and the FDIC acting in any other capacity shall not constitute disclosure for purposes of this Order. Any such Confidential Documents transmitted among various capacities of the FDIC shall remain subject to this Order and its prohibition on disclosure.

4. **Exceptions to Prohibition on Disclosure.** Counsel for a party to this action may disclose Confidential Documents to the following persons, to the limited extent such disclosure is necessary, under the following specified circumstances:

    a. Officers or employees of any party in this action who are assisting counsel in the prosecution or defense of this action to the extent necessary for such assistance (including, but not limited to, the parties' attorneys, investigators, paralegals and other employees);

    b. Personnel of or counsel to any insurance company that issued any insurance policy under which Defendants are an insured (including, but not limited to, the Board of Directors, in-house attorneys, outside attorneys, investigators, experts,

consultants, senior executives, and employees of any such insurance company) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the litigation, provided that each such person signs a written agreement to be bound by this Order in the form attached as Exhibit A; and reinsurers, auditors, or regulators to which any such insurance company is required to respond or report in the ordinary course of business regarding the subject matter of this litigation, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations;

  c. As to the FDIC-R: (i) auditors or examiners required or authorized by law to review materials that may include Confidential Material; (ii) persons to whom the information is required to be made available under FOIA or the FDIC's FOIA regulations, 12 C.F.R. 309.5, upon receipt of a proper FOIA request for such information; and (iii) individuals and entities permitted access to exempt information under 12 C.F.R. 309.6;

  d. Persons specially retained by any of the attorneys or parties to this action to assist in the preparation of this action, including but not limited to vendors, experts, consultants, mediators and arbitrators, provided that such persons require access to the Confidential Documents or information in order to perform the services for which they have been retained and provided that each such person signs a written agreement to be bound by this Order in the form attached as Exhibit A;

    e. Any person of whom testimony is to be taken in this litigation, provided that such a person may only be shown Confidential Documents to the extent necessary for such testimony and provided that such person is apprised of the confidential nature of the documents pursuant to Paragraph 5, below; and

    f. Court reporters to the extent necessary for them to record testimony at deposition, trial, or court proceedings.

5. **Counsel's Obligation to Inform.**  Prior to disclosing Confidential Documents to any person pursuant to paragraphs 4(a)-(e), counsel shall:

    a. Apprise that person of the confidential nature of the documents;

    b. Apprise that person that this Court, pursuant to this Order, has restricted the use of such documents; and

    c. Show that person a copy of this Order, specifically informing him of the contents of this Paragraph.

6. **Non-waiver of Privilege; Inadvertent Disclosure.**  By agreeing to the procedures in this Order, the parties do not waive any legal right or privilege applicable to either the Confidential Documents or to any other request of, or discovery procedure available to, the parties to this action.  Further, inadvertent disclosure of any privileged document in the course of discovery in this action shall not constitute waiver of any applicable legal right or privilege.  In the case of any such inadvertent disclosure of privileged documents, the receiving party shall, immediately upon becoming aware of the disclosure, or, if unaware of disclosure, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof, as well as all

notes, memoranda or other documents that summarize, discuss, or quote the document, and delete any copy of the document, or any portion thereof, from any word processing database, tape, or disk the receiving party maintains.  Return of a document over which the producing party has asserted a claim of privilege, protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing the production of the document on the ground that the claimed privilege, protection, or immunity is invalid or inapplicable; provided, however, that mere production of the document or information in the course of this action shall not constitute grounds for asserting waiver of the privilege, protection, or immunity.

7. **Confidential Documents to Be Filed Under Seal.**  In the event counsel for any of the parties wishes to file or submit to this Court any Confidential Documents (by way of pleadings, motions, briefs or any other papers or oral communication containing or making reference to such document or information), counsel shall file the appropriate motion to seal in accordance with the procedures outlined in the Local Rules for the Central District of California, and the party must seek leave of court before filing any Confidential Documents.

8. **Objections to Confidential Designation.**  If any party objects to the designation of a particular document as confidential, the objecting party shall give written notice of its objection to the designating party.  If, within ten (10) days from receipt of written notice, the parties have not reached an agreement concerning confidential status of the documents, the objecting party may apply to the Court for a ruling that the documents not be considered confidential and be deemed not subject to this Order.  Until such time as the Court has ruled on the objecting party's application, all parties shall continue to treat the document as confidential pursuant to the terms of this Order.  In any event, no confidential document or information shall lose its confidential status through its use in connection with any dispute over

its confidential status, and the parties shall take all steps reasonably necessary to protect the confidentiality of such document during its use.

9. **Violation of this Order.** If a party has cause to believe that a violation of this Order has occurred or is about to occur, that party may petition this or any other proper court for appropriate relief. To the extent any party feels the protections of this Order are not adequate for particular Confidential Documents or information, that party may petition the Court for an appropriate amendment to this Order.

10. **Production of Confidential Documents in Response to Subpoena or in Connection with Judicial Proceedings.** Nothing in this Order shall prohibit any party from using or disclosing Confidential Documents in response to a subpoena or court order seeking production of Confidential Documents or in connection with a criminal or administrative investigation by any government or governmental body, grand jury proceedings, or the trial or pretrial procedures and preparation of a criminal or administrative case.

11. **Return or Destruction of Confidential Documents.** At the conclusion of this action, all Confidential Documents and copies thereof in the possession, custody or control of the parties shall be either returned to the producing party or destroyed. All notes, memoranda, summaries or other documents in the possession, custody or control of the parties referring to, describing, or relating to Confidential Documents shall be destroyed, except that counsel to each party may retain one copy of pleadings, transcripts, exhibits, notes, memoranda, and correspondence even if such documents constitute or contain confidential information. Such material retained by counsel shall continue to be subject to the terms and conditions of this Protective Order, and shall be returned to the producing party or be destroyed upon the expiration of the applicable statute of limitations for claims related to that counsel's representation of the receiving party.

12. **Other Provisions.**  This Protective Order shall be binding upon the parties hereto from the date of execution, notwithstanding the date of entry of this Order by the Court.

This Protective Order shall not be amended, modified, or terminated without prior written notice to all counsel or by Order of the Court.

**IT IS SO ORDERED.**

**Dated** this _23_ day of _January__, 2015.

_____

Andrew J. Wistrich, Magistrate Judge

**SUBMITTED BY:**

DATED: January 21, 2015            MORTGAGE RECOVERY LAW GROUP LLP


By:  /s/ Lauren Gibbs
    Lauren Gibbs
Attorneys for Plaintiff FEDERAL DEPOSIT INSURANCE CORPORATION as Recevier for IndyMac BANK, F.S.B.

DATED: January 21, 2015            MARTINEZ CHARLES LLP


By  /s/ Mark Charles
    Mark Charles
    Attorneys for Defendant
    MORTGAGE CAPITAL
    ASSOCIATES, INC.

# EXHIBIT A

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

I have read the Agreed Protective Order issued on _____, 2015, in the action entitled *Federal Deposit Insurance Corporation as Receiver for IndyMac Bank, F.S.B. v. Mortgage Capital Associates,* (the "Order"), a copy of which is annexed hereto, and agree to abide by its terms.  Additionally, I further agree to consent to the jurisdiction of the United States District Court for the Central District of California for the purposes of enforcement of the Protective Order.

**Name:** _____        **Date:** _____
            **(Signature)**

**Name:** _____        **Telephone:** _____
            **(Printed)**                                **(Business)**

**Company:** _____        **Telephone:** _____
                                                         **(Home)**

                                        **Telephone:** _____
                                                         **(Cell)**

**Address 1:** _____

**Address 2:** _____

**City:** _____

**State/Zip Code:** _____